Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7-6-16_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
AKINTUNDE AKINLEYE,                          :
                                Plaintiff,   :
                                             :
v.                                           :
                                             :       **OPINION AND ORDER**
THE CITY OF YONKERS, YONKERS                 :
POLICE DEPARTMENT, a man who                 :       14 CV 5194 (VB)
goes by the name of "OFFICER                 :
ALMEIDA," MARK ATKINS, and                   :
COMPLAINER DOE THE PEOPLE OF                 :
NEW YORK,                                    :
                                Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff, who is proceeding pro se and in forma pauperis, brings Section 1983 claims

against the City of Yonkers (the "City"), the Yonkers Police Department (the "Department"),

Officers Almeida and Atkins of the Department, and an entity he calls "Complainer Doe the

People of New York."  Specifically, plaintiff claims he was arrested and prosecuted without

probable cause, subjected to a "visual body search" without a warrant in violation of his Fourth

and Fourteenth Amendment rights, and denied his Sixth Amendment right to a speedy trial.

Additionally, as explained below, the Court liberally construes the operative complaint to allege

claims for malicious prosecution and conspiracy.

Defendants Almeida, Atkins, and the City purport to move for summary judgment as to

all claims, but address only the false arrest and unlawful search claims.  (Doc. #37).  For the

reasons set forth below, defendants' motion is GRANTED as to the false arrest claim and

DENIED as to the unlawful search claim.

As discussed below, the other two named defendants were never served and have not

appeared.  The Court thus considers whether to dismiss sua sponte under 28 U.S.C. § 1915(e)(2)

1

the claims against these two defendants, as well as the claims against all defendants not addressed by the pending motion.  For the reasons set forth below, all of these claims are DISMISSED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

The parties have submitted briefs, statements of fact pursuant to Local Civil Rule 56.1, and declarations and affidavits with supporting exhibits,[1] which reflect the following factual background.

I.    Factual Background

Officers Almeida and Atkins arrested plaintiff in Yonkers on the afternoon of November 30, 2013.  Plaintiff contends the officers did so without probable cause.

Defendants Atkins and Almeida had received a report of a man with a gun in plaintiff's vicinity fitting plaintiff's description.  According to defendants, the officers approached plaintiff after they saw him place a large kitchen knife in his bag, and attempted to stop plaintiff to investigate.  According to defendants, plaintiff ran away, and Officer Atkins chased him into a 99 cent store.  At one point, Officer Atkins saw plaintiff place two zip-top bags on a shelf, which officers later recovered and determined contained marijuana.  Plaintiff ran out of the store onto the street, where he ultimately complied with the officers' commands to stop.  The officers arrested plaintiff and recovered the knife from plaintiff's bag.  A subsequent inventory search of

---

[1]    The Court liberally construes plaintiff's submissions entitled "Just a little Notice" and "Here is another Notice" as his opposition to this motion.  These two submissions and their attached memoranda of law were received and docketed as one document on December 10, 2015.  (Doc. #44).  The submissions in this document purport to be declarations under penalty of perjury.  Accordingly, mindful of plaintiff's pro se status, for purposes of this motion, the Court accepts them as evidence of what plaintiff would testify to at trial.  The Court will refer to this document as "Pl.'s Opp." and cite the ECF page numbers for reference.

2

plaintiff's bag yielded another plastic bag containing marijuana.  In his opposition papers, plaintiff does not explicitly contest this account except to say he did not possess a knife.

According to plaintiff, when he was brought to central booking, officers Atkins and Almeida conducted a "visual body search," meaning plaintiff was forced to "drop [his] pants, squat, and cough."  (Pl.'s Opp. at 6).

Plaintiff was charged with criminal possession of marijuana, unlawful possession of marijuana, resisting arrest, and obstructing governmental administration, all of which are misdemeanors or violations.  On July 6, 2015, plaintiff pleaded guilty in Yonkers City Court to disorderly conduct, to resolve the outstanding charges against him.

II.   <u>Procedural History</u>

The second amended complaint is the operative complaint.  (Doc. #28,[2] hereinafter "SAC").  Plaintiff's original complaint named the "City of Yonkers Police Department" as a defendant.  The Court dismissed this defendant on October 2, 2014, because the Department is not a suable entity.  (Doc. #8).

The SAC brings seven claims, styled "counts," apparently against all named defendants: (Count One) defendants "exceeded and are still exceeding jurisdiction;" (Count Two) defendants acted "in concert with each other;" (Count Three) defendants unlawfully strip searched plaintiff; (Count Four) by attempting to stop and then arresting plaintiff, defendants interfered with his "right to be let alone;" (Count Five) defendants "willingly uttered forged instruments and b[ore] false testimony"; (Count Six) false arrest (described as "unlawful imprisonment"); and (Count

_____

[2]      Because of a docketing error, alternating pages are missing from Doc. #28 as docketed. The complete text of the SAC is attached to defendants' moving papers.  (Doc. #38-8).

3

Seven) defendants violated plaintiff's speedy trial rights under the Sixth Amendment, subjecting him to "involuntary servitude." (SAC at 1-2).[3]

## DISCUSSION

I.     <u>Legal Standards</u>

    A.     <u>Summary Judgment</u>

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. <u>See</u> <u>id</u>. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." <u>Wilson v. Nw. Mut. Ins. Co.</u>, 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. <u>Zalaski v. City of Bridgeport Police Dep't</u>, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is

_____

[3]    The SAC also states twice, in sections titled "Injuries" and "Damages," that defendants libeled and slandered plaintiff. (SAC at 4). Because plaintiff makes no further allegations about libel or slander, does not specify what statements constitute libel or slander, and made these comments in sections other than the one specifically dedicated to enumerating plaintiff's claims, the Court does not construe the references to libel and slander as a separate defamation claim.

appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits

evidence which is "merely colorable," summary judgment may be granted.  Anderson v. Liberty

Lobby, Inc., 477 U.S. at 249-50.  The non-moving party "must do more than simply show that

there is some metaphysical doubt as to the material facts, and may not rely on conclusory

allegations or unsubstantiated speculation."  Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d

Cir. 2011) (internal citations omitted).  The mere existence of a scintilla of evidence in support of

the non-moving party's position is likewise insufficient; there must be evidence on which the

jury could reasonably find for him.  Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir.

2004).

On summary judgment, the Court resolves all ambiguities and draws all permissible

factual inferences in favor of the non-moving party.  Nagle v. Marron, 663 F.3d 100, 105 (2d

Cir. 2011).  If there is any evidence from which a reasonable inference could be drawn in favor

of the opposing party on the issue on which summary judgment is sought, summary judgment is

improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d

Cir. 2004).

B.     Sua Sponte Dismissal

When a litigant proceeds pro se and in forma pauperis, the Court "shall dismiss the case

at any time if [it] determines that . . . [the case] fails to state a claim on which relief may be

granted [or] seeks monetary relief against a defendant who is immune from such relief."  28

U.S.C. § 1915(e)(2)(B)(ii) - (iii).  To determine whether a complaint states a claim on which

relief may be granted, the Court evaluates the sufficiency of the complaint under the "two-

pronged approach" outlined by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679

(2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements," are not entitled to the assumption of truth and

5

are thus not sufficient to withstand dismissal. <u>Id</u>. at 678; <u>accord</u> <u>Hayden v. Paterson</u>, 594 F.3d

150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

      The Court must liberally construe submissions of <u>pro se</u> litigants, and interpret them "to

raise the strongest arguments that they <u>suggest</u>."  <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d

471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  Applying

the pleading rules permissively is particularly appropriate when, as here, a <u>pro se</u> plaintiff alleges

civil rights violations.  <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir.

2008).  "Even in a <u>pro se</u> case, however . . . threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  <u>Chavis v. Chappius</u>, 618 F.3d

162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court

"invent factual allegations" plaintiff has not pleaded.  <u>Id</u>.

      After a <u>sua sponte</u> dismissal under Section 1915(e)(2), the Court is obligated to allow a

<u>pro se</u> plaintiff to amend his complaint if there is a "possibility that such an amendment will

result in a claim being successfully pleaded."  <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794,

796 (2d Cir. 1999).

II.    <u>Defendants' Motion</u>

      Summary judgment is warranted on the false arrest claim (Count Six) but not the

unlawful search claim (Count Three).

    A.    <u>False Arrest Claim (Count Six)</u>

Plaintiff's guilty plea dooms his false arrest claim.

      It is a complete defense to a Section 1983 false arrest claim that defendant had probable

cause to make the arrest.  <u>Cameron v. Fogarty</u>, 806 F.2d 380, 387 (2d Cir. 1986).  "When a

Section 1983 plaintiff pleads guilty to the underlying or a lesser charge, this fact <u>alone</u> provides sufficient evidence that probable cause existed at the time of the arrest and precludes a false arrest claim." <u>Hayes v. County of Sullivan</u>, 853 F. Supp. 2d 400, 428 (S.D.N.Y. 2012) (internal quotations and alterations omitted).

Here, plaintiff pleaded guilty to disorderly conduct as a lesser charge, in satisfaction of the charges for which he was arrested on November 30, 2013.  Therefore, plaintiff is precluded from bringing a false arrest claim.

Plaintiff makes several arguments to the contrary.  None has merit.

Plaintiff argues his guilty plea was "without prejudice and all rights reserved," and that he withdrew his plea when the Yonkers City Court did not dismiss "the underlying matter." (Pl.'s Opp. at 4).  This is not reflected in the Certificate of Disposition (McCormick Decl. Ex. E), plaintiff does not substantiate it, and it strikes the Court as patently implausible.  Therefore, the Court rejects this argument.

Plaintiff also claims the Certificate of Disposition is forged, because it "demands a 'crime victim' fee and there is no victim."  (Pl.'s Opp. at 6).  This argument is wholly without merit.

Plaintiff argues summary judgment should not be granted because "discovery is not concluded," and plaintiff seeks transcripts from Yonkers City Court to substantiate his claims. (Pl.'s Opp. at 6).  It is difficult to see how this discovery would rescue plaintiff's false arrest claim from the fact of his guilty plea.  In any event, discovery ended on June 18, 2015 (Doc. #17), and plaintiff did not raise this issue before the deadline.  Therefore, this argument fails.

Finally, plaintiff claims the guilty plea is illegitimate because Yonkers City Court is not an Article III court under the United States Constitution.  This argument fails.  Yonkers City Court has jurisdiction over misdemeanors and violations committed within Yonkers, like those for which plaintiff was charged and convicted by guilty plea.

Therefore, summary judgment is warranted on the false arrest claim (Count Six).

B.    Unlawful Search Claim (Count Three)

Summary judgment is not warranted on plaintiff's Fourth Amendment claim alleging defendants subjected him to a "visual body search."

"[T]he Fourth Amendment precludes prison officials from performing strip/body cavity searches of arrestees charged with misdemeanors or other minor offenses unless the officials have a reasonable suspicion that the arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest." Weber v. Dell, 804 F.2d 796, 802 (2d Cir. 1986).

Defendants do not argue they had reasonable suspicion to strip search plaintiff.  Rather, defendants claim they did not conduct a strip search.  Plaintiff claims they did, in a sworn declaration.  (Pl.'s Opp. at 6).  Thus, defendants have failed to show no genuine issue of material fact exists.[4]

Therefore, summary judgment is denied as to Count Three.

III.    Sua Sponte Dismissal

Here, the Court addresses the remaining defendants, as well as what it liberally construes as plaintiff's remaining claims.  All of these claims and defendants are dismissed.

A.    Remaining Defendants

First, the Court dismisses defendant "Yonkers Police Department."  Plaintiff added this defendant back to the SAC even though the Court dismissed "City of Yonkers Police

---

[4]    Even if defendants had argued in the alternative they had reasonable suspicion to conduct a strip or body cavity search, the Court likely could not find in their favor as a matter of law, because reasonable suspicion is a fact-intensive inquiry.  In any event, defendants have not moved on this ground, and the Court expresses no opinion about whether defendants had reasonable suspicion to strip search plaintiff.

Department" on October 2, 2014, on the grounds that the Department, as distinct from the City, is not a suable entity.  (Doc. #8).  The Court reaffirms its prior ruling, and the claim against this defendant fails.

Because plaintiff's claims against this defendant "seek[] monetary relief against a defendant who is immune from such relief," they warrant sua sponte dismissal.  28 U.S.C. § 1915(e)(2)(B)(iii).

Next, the Court dismisses defendant "Complainer Doe the People of New York."  In the SAC, plaintiff claims "Complainer Doe is the person who signed the misdemeanor information. . . . Complainer Doe is either suing as a persona named 'People of the State of New York,' or is suing in the name of another whose name is 'People of the State of New York.'" (SAC at 2-3).

The SAC attaches the misdemeanor information.  (SAC Ex. A).  Officer Almeida is the person who signed plaintiff's misdemeanor information.  Therefore, this defendant is actually Officer Almeida, who is already a defendant in this case.[5]

Accordingly, "Complainer Doe the People of New York" is dismissed as a defendant.

B.    Remaining Claims

Besides the unlawful strip search claim, plaintiff's remaining claims are: (Count One) defendants "exceeded and are still exceeding jurisdiction;" (Count Two) defendants acted "in concert with each other;" (Count Four) defendants interfered with his "right to be let alone;" (Count Five) defendants "willingly uttered forged instruments and b[ore] false testimony"; and

---

[5]     To the extent "Complainer Doe the People of New York" refers to the state itself, this claim is also barred by sovereign immunity.  See Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990); Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977).

(Count Seven) defendants violated plaintiff's speedy trial rights under the Sixth Amendment and subjected him to "involuntary servitude."  (SAC at 1-2).  The Court discusses each claim below.

      1.   <u>Count One</u>

The Court is unable to construe, even liberally, plaintiff's claim that defendants "exceeded and are still exceeding jurisdiction" under any legal theory.  Therefore, Count One is dismissed.

      2.   <u>Count Two</u>

The Court construes Count Two, plaintiff's claim that defendants acted in concert with each other as a claim defendants entered into a conspiracy to deprive plaintiff of his constitutional rights.  "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  Moreover, "a civil conspiracy complaint under § 1983 against a municipality [] requires allegations that constitutional rights were violated pursuant to an official policy or custom."  <u>Formica v. Town of Huntington</u>, 104 F.3d 350, at *2 (2d Cir. 1996) (unpublished opinion).[6]

As explained above and below, the only constitutional violation plaintiff has plausibly alleged is that he was strip searched without reasonable suspicion.  But plaintiff has alleged no facts showing an agreement between Almeida, Atkins, and/or the City to violate plaintiff's constitutional rights by strip searching him.  Additionally, plaintiff has not alleged facts suggesting the City acted in this conspiracy pursuant to an official policy or custom.  Therefore, Count Two is dismissed.

---

[6]    Plaintiff will be provided with copies of all unpublished opinions cited in this decision. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).

3.    Count Four

Count Four describes plaintiff's "right to be let alone," as follows:

> [Plaintiff] was approached by an officer who allegedly wanted to
> inquire about a knife. [Plaintiff] was said to have ran. An individual
> has a right to be left alone and refuse to respond to police inquiry,
> so flight, even in connection with circumstances that justify police
> inquiry[,] is insufficient for probable cause. . . . More importantly,
> other factors besides flight must also be considered and exist to
> show that a crime was committed and that the defendant
> commit[t]ed the crime . . . so flight alone is generally an insufficient
> basis for s[ei]zure or limited detention involved in pursuit. The
> arrest made was not premised upon probable cause and was
> unlawful.

(SAC Ex. C at 2).[7] Essentially, Count Four describes being arrested without probable cause for

running from a police encounter, which merely duplicates plaintiff's false arrest claim. Because

the Court has already granted summary judgment for defendants on the false arrest claim, Count

Four is dismissed as well.

4.    Count Five

The Court liberally construes plaintiff's claim that defendants "willingly uttered forged

instruments and b[ore] false testimony" as either (i) a false arrest claim; (ii) a malicious

prosecution claim; or (iii) a due process violation based on the alleged fabrication of evidence.

But the Court has already granted summary judgment on plaintiff's false arrest claim, for the

reasons set forth above. Moreover, to state a claim for malicious prosecution, plaintiff would

have to allege the criminal prosecution terminated in his favor. See Montane v. New York, 2011

WL 198518, at *3 (E.D.N.Y. Jan. 14, 2011) (citing Heck v. Humphrey, 512 U.S. 489 (1994)).

The same is true for a due process claim based on fabricated evidence. See Bailey v. City of

---

[7]    Count Four in the SAC directs the reader to Exhibits A and C attached to the complaint.
Exhibit A is the misdemeanor information, while Exhibit C is plaintiff's pro se Omnibus Motion
in his criminal case. The SAC contains no other allegations with respect to Count Four.

New York, 79 F. Supp. 3d 424, 455 (E.D.N.Y. 2015). Plaintiff has not alleged favorable termination of his criminal prosecution. Therefore, Count Five must be dismissed.

     5.     Count Seven

Finally, Count Seven is dismissed because claims for a speedy trial violation, like those malicious prosecution, must allege the criminal prosecution terminated in plaintiff's favor. Montane v. New York, 2011 WL 198518, at *4. Again, plaintiff has not alleged this.

As for the reference in Count Seven to "involuntary servitude," plaintiff alleges no facts suggesting this means anything beyond the fact that plaintiff was imprisoned following the arrest. Thus, plaintiff does not state a claim for any constitutional violation separate and distinct from his false arrest claim.[8]

    C.     Leave to Amend

A district court ordinarily should not dismiss pro se claims for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d at 795). Here, however, even liberally construed, the complaint contains no allegations suggesting plaintiff has valid claims that he has merely "inadequately or inartfully pleaded" and therefore should "be given a chance to reframe"—with the exception of the conspiracy claim. Id. As such, repleading would be futile on every claim except the conspiracy claim.

First, repleading claims against the two dismissed defendants would be futile because (i) "Complainer Doe the People of New York" is actually Officer Almeida; and (ii) the Yonkers Police Department is not a suable entity.

---

[8]    The Court has considered whether it can construe any of plaintiff's claims as alleging the violation of any other constitutional right not discussed above. The Court is unable to do so.

12

Moreover, as discussed above, Count One does not articulate a cognizable legal theory.

In addition, Counts Four, Five (to the extent Count Five is a claim for false arrest), and Six are precluded by plaintiff's guilty plea.  Therefore, repleading these claims would be futile.

Finally, both Count Seven and Count Five (to the extent Count Five is a claim for malicious prosecution or fabrication of evidence) are only viable if the criminal prosecution terminated in plaintiff's favor.  Because plaintiff pleaded guilty, the criminal prosecution did not terminate in plaintiff's favor.  Therefore, repleading these claims would be futile.

Accordingly, the Court will not grant leave to amend these claims because there is no "possibility that such an amendment will result in [any claim] being successfully pleaded." Gomez v. USAA Fed. Sav. Bank, 171 F.3d at 796.

The Court will, however, grant plaintiff leave to file a third amended complaint to attempt to replead his conspiracy claim (Count Two).  **In filing the third amended complaint, plaintiff is directed to adhere to the following instructions.  Failure to do so will result in the Court refusing to accept the third amended complaint in its entirety:**[9]

First, plaintiff is directed to include in his third amended complaint: (i) which defendants he alleges agreed to violate his constitutional rights by performing a strip search or "visual body" search without reasonable suspicion; (ii) facts showing there was an agreement between these defendants to do so; (iii) what overt acts each defendant allegedly took in furtherance of this agreement; and (iv) if the City is one of the alleged co-conspirators, facts showing the City was

---

[9]     The Court finds this directive is necessary because plaintiff has previously disregarded the Court's orders regarding the filing of amended complaints.  On March 17, 2015, the Court denied plaintiff's request to file a second amended complaint because plaintiff identified no reason why amendment was necessary.  (Doc. #22).  Nevertheless, plaintiff filed the SAC, docketed on June 9, 2015, which added several new claims not authorized by the Court.  (Doc. #28).  On August 28, 2015, defendants consented to the filing of the SAC.  (Doc. #27).

acting pursuant to an official policy or custom when it allegedly conspired to deprive plaintiff of his rights.

Second, the third amended complaint shall not include any claims other than (i) unlawful search relating to the strip search, and (ii) conspiracy to violate plaintiff's constitutional rights by strip searching him.  Moreover, the third amended complaint shall not name any defendants besides the City of Yonkers and Officers Almeida and Atkins.  **All other claims and defendants have been dismissed with prejudice and, as this will be plaintiff's fourth complaint and discovery is complete, the Court will not allow new claims or defendants to be added at this stage.**

Third, plaintiff is reminded that any factual allegation in the third amended complaint must be true to the best of his knowledge, information, and belief.  See Fed. R. Civ. P. 11(b)(3).  Because the third amended complaint will completely replace the SAC, plaintiff should include in the third amended complaint all information necessary to state a claim against each defendant for (i) unlawful search and (ii) conspiracy to commit unlawful search.

Plaintiff is directed to utilize the Third Amended Complaint form attached to this Opinion and Order, and to mail the completed form to the Pro Se Clerk at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED as to the false arrest claim (Count Six) and DENIED as to the unlawful search claim (Count Three).

The Court sua sponte DISMISSES Counts One, Two, Four, Five, and Seven, as well as defendants "Yonkers Police Department" and "Complainer Doe the People of New York."

Plaintiff is granted leave to file a third amended complaint pursuant to the instructions set forth above.  See supra Part III.C.  **The third amended complaint must be filed by August 5,**

2016.  **If plaintiff does not file a third amended complaint by that date, or files a third amended complaint not in accordance with the Court's instructions, the conspiracy claim will be dismissed with prejudice.**  Defendants' time to respond to the third amended complaint will be governed by the Federal Rules of Civil Procedure and Local Civil Rules.

If plaintiff fails to file a third amended complaint in accordance with the Court's instructions by August 5, 2016, the Court will schedule a case management conference and set a deadline for the parties to submit a joint pretrial order in accordance with the Court's Individual Practices.  At the conference, the Court will set a trial date and a schedule for pretrial submissions.

The Clerk is instructed to terminate defendants "Yonkers Police Department" and "Complainer Doe the People of New York," and terminate the motion.  (Doc. #37).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: July 5, 2016
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names. The names*
*listed in the above caption must be identical to those contained in*
*Part I. Addresses should not be included here.)*

**THIRD**

**AMENDED**
**COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No
(check one)

___ Civ. _____ (   )

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff's       Name_____
                  ID#_____
                  Current Institution_____
                  Address_____
                  _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

What
happened
to you?

D.    Facts:_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        Yes _____  No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No _____     Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

        2.      What was the result, if any?
                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

2.  If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border:1px solid black; display:inline-block">**On these claims**</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number  _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____
If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid black; display:inline-block">**On other claims**</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number  _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

       If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

       ------------------------------------------------------------------------------------------------

       ------------------------------------------------------------------------------------------------

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

       Signature of Plaintiff    _____

       Inmate Number    _____

       Institution Address    _____

                  _____

                  _____

                  _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

       Signature of Plaintiff: _____